Filed 1/30/26  P. v. Ailey CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085629 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE412043) |
| NICHOLAS AILEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Nicholas Ailey appeals from an order revoking probation.  His appointed counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed Ailey of his right to

personally file a brief, and he has not responded.  We find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ailey pled guilty on May 6, 2022, to assault with means likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and an enhancement pursuant to section 1203.097.  In the plea form, Ailey admitted the victim of the assault was a person described in Family Code section 6211.  On June 8, 2022, the trial court sentenced Ailey to probation for three years.  The terms of probation included Ailey report to his parole officer as directed, and that he participate in a batterer's counseling program.

On September 11, 2024, Ailey's probation officer filed a probation report alleging Ailey violated multiple conditions of his probation.  The report alleged Ailey failed to report to the probation office as required on four separate occasions, and Ailey failed to report for an office compliance appointment.  The probation officer stated that his attempts to contact Ailey by telephone and email were unsuccessful.  Additionally, the report alleged Ailey failed to provide proof he had enrolled or completed his batterer's counseling program.  The report also alleged Ailey failed to comply with the court's order dated March 12, 2024, that he provide proof of enrollment in a residential treatment program.  For these reasons, the probation officer recommended that Ailey's probation be revoked.

On February 21, 2025, the court found Ailey in violation of probation, denied Ailey's request for reinstatement of probation, and revoked probation.  The court imposed the low term of two years in state prison, with 380 days of credits.

Ailey timely appealed the order revoking his probation.

---

[1]    Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Ailey's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the order, and asking this court to independently review the record for error. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error: (1) Whether the trial court abused its discretion and was the evidence sufficient to find Ailey violated probation; and (2) Whether the trial court abused its discretion by denying Ailey's request for reinstatement of probation.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ailey in this appeal.

## DISPOSITION

The order revoking Ailey's probation is affirmed.

IRION, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

3